[Crim. No. 338. Second Appellate District.—September 2, 1914.]

## THE PEOPLE, Respondent, v. ALONZO ISENBERG, Appellant.

CRIMINAL LAW—ATTEMPT TO COMMIT LARCENY—SUBSTITUTION OF BOGUS FOR GENUINE RING.—Where two men enter a jewelry store, ask to be shown some diamond rings, and while a sale is being negotiated the salesman discovers an imitation diamond ring has been put in the tray in place of a genuine one, and upon his demand that the ring be returned the would be purchasers run away, and afterward the good ring is found upon or under the rubber mat on the show case

and a bogus ring is found on each of their persons, the evidence is sufficient to support a conviction of an attempt to commit larceny.

ID.—CONFESSION—ADMISSIBILITY WHEN MADE TO POLICE OFFICER.—If one of the men, after his arrest, makes a statement as to the commission of the offense to police officers in response to their interrogations, there being no coercion, improper importunities, or inducements, the confession is admissible against him.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Frank A. McDonald, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged jointly with one Robert Gilmore with having committed the crime of grand larceny, the property alleged to have been stolen being a diamond ring of the alleged value of two hundred dollars. The defendants demanded and were accorded separate trials. The jury in the case of appellant returned a verdict finding the defendant guilty of an attempt to commit the crime of grand larceny. From the judgment as entered upon that verdict, and from an order denying a motion for a new trial, this appeal was taken.

The testimony as given at the trial presented in the main an undisputed statement as to the facts of the occurrence at which it was contended appellant participated in the theft of a diamond ring. Appellant and Gilmore together, in the day time, entered a jewelry store in the city of Los Angeles and after some preliminary talk asked to be shown diamond rings. The salesman took out a tray and exhibited the rings to them and one of the two men proposed that he make a two dollar deposit on a ninety dollar ring. While this negotiation was going on the salesman discovered that an imitation diamond ring had been placed in the tray instead of the ring containing a genuine stone, and immediately demanded that his ring be returned. Upon this the appellant and Gilmore started out of the store and the salesman pursued them. Upon reaching the sidewalk Gilmore went in one direction and Isenberg in

another, each traveling very swiftly. They were pursued and captured and when brought back to the store an imitation diamond ring was found in the pocket of Gilmore, and later at the police station another ring of the same kind was found in the pocket of appellant. The ring which it was charged that the men had stolen was found either upon or under a small rubber mat lying on the show-case where it seems to have been placed or dropped by appellant or his companion at the time they left the store. After his arrest appellant was interrogated by the police officers and finally made a statement in which, it was testified, he told a complete story of how he and Gilmore had purchased the imitation diamond rings for a few cents with the purpose of perpetrating the swindle which they attempted. Appellant denied that he had made this statement, when he testified at the trial, but all the other facts adverted to remain proven beyond dispute and without contradiction. Upon this state of the record it is contended that the evidence was insufficient to justify the conviction of appellant, and further that the court improperly allowed proof to be made of the alleged confession. The evidence was abundantly sufficient to justify the verdict of guilty; indeed it would be hard to conceive how any jury of reasonable men could have reached any other determination upon the case. It is a matter for further remark that appellant appears to have been quite leniently dealt with, inasmuch as the evidence tended most strongly to show that not only was there an attempt to commit the crime of grand larceny, but that the crime charged had been completely consummated. The ruling of the court permitting evidence to be offered showing the alleged confession was without error. No such a case is presented as that considered in *People* v. *Quan Gim Gow*, 23 Cal. App. 507, [138 Pac. 918], decided in this court and which is cited by appellant. Here it was made to appear by satisfactory evidence that appellant was not coerced by the use of any improper importunities or inducements to make the statement of which evidence was given at the trial. There are no other alleged errors urged in the briefs of counsel for appellant which require consideration. The record shows that appellant was accorded a .fair trial and that his conviction was based upon evidence of clear and convincing character.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, concurred.